IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

        v.

**LEON RAMON IRELAND**,

        Defendant.

No. 1:15-cr-00175-MC

**OPINION AND ORDER**

McSHANE, District Judge.

    This matter comes before me on Defendant's discovery motions, ECF Dkt. ##53, 69, and Defendant's Motion to Reconsider, ECF Dkt. #82. I disposed of the majority of the issues raised in Defendant's discovery motions by oral pronouncement at the hearing held on May 19, 2016, as described below, but I withheld ruling on Defendant's request for disclosure of grand jury transcripts in order to await further briefing by Defendant. Having now received that briefing, I DENY Defendant's motions.

## BACKGROUND

    Defendant filed his first discovery motion in this case on March 16, 2016. ECF Dkt. #53. In that motion, Defendant sought (1) an order compelling the Government to affirm in writing that it had complied with its obligations to disclose all exculpatory material; (2) the full transcript of the grand jury proceedings in this case; and (3) other discovery materials, including statements made by Defendant at the time of his arrest or in subsequent interrogation. On March 28, 2016, I

held a status conference at which I set oral argument for Defendant's discovery motion for May 19, 2016. ECF Dkt. #57.

On May 10, 2016, the Government filed a Motion for Disclosure of Grand Jury Transcript, which I granted on May 11, 2016. ECF DKt. ##65, 68.

On May 17, 2016, Defendant filed a second discovery motion. ECF Dkt. #69. In his second discovery motion, Defendant sought disclosure of materials related to co-defendants and others involved in the investigation. In particular, Defendant sought disclosure of the results of a computer search of ATF records relating to the co-defendants and others involved in the investigation. Defendant also reiterated his request for grand jury materials. The Government filed a response in opposition to the requested grand jury disclosure. ECF Dkt. #70.

On May 19, 2016, I heard oral argument on Defendant's discovery motions. ECF Dkt. #71. At that hearing, the Government represented that it has complied or will comply with its discovery obligations and I orally denied Defendant's motion to require the Government to certify that it had done so in writing. On the issue of ATF computer records, the Government affirmed that it had disclosed all relevant material to Defendant, but agreed to make a second search and turn over any new information to Defendant.

On the issue of the grand jury materials, I held that Defendant had not made a sufficient showing to justify an order disclosing all of the grand jury materials. I also declined to undertake an in-camera review of the grand jury materials, absent a sufficient showing by Defendant. At the time of the hearing, Defendant's counsel represented that he had not yet reviewed the grand jury materials disclosed by the Government on May 11, 2016. Accordingly, I withheld ruling on Defendant's request for an order compelling a full disclosure of the grand jury proceedings until Defendant's counsel had time to review what materials he had received and file a reply in

support of his motion. Defendant filed his reply on June 3, 2016, ECF Dkt. #79, and he repeats the substance of his reply in his Motion for Reconsideration, filed June 7, 2016. ECF Dkt. #82.

## DISCUSSION

In support of his request for disclosure of the entire grand jury transcript, Defendant alleges that the Government engaged in "flagrant misconduct and presented irrelevant, inflammatory, prejudicial, and racially charged 'facts' or comments during the grand jury proceeding[.]" Def.'s Reply Mem. at 4, ECF Dkt. #79. Defendant contends, based on the portion of the grand jury materials disclosed to him, that the Government failed to properly instruct the grand jury on law or provide cautionary instructions.

With certain exceptions, Federal Rule of Criminal Procedure 6(e) imposes a general rule against disclosure of matters "occurring before the grand jury." Fed. R. Crim. P. 6(e)(2)(B). A court "may authorize disclosure—at a time, in a manner, and subject to any other conditions that it directs—of a grand jury matter . . . at the request of a defendant who shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury." Fed. R. Crim. P. 6(e)(3)(E)(ii).

"The secrecy of grand jury proceedings 'is an integral part of our criminal justice system.'" *United States v. Nix*, 21 F.3d 347, 351 (9th Cir. 1994) (quoting *Douglas Oil Co. v. Petrol Stops Northwest*, 441 U.S. 211, 218 n. 9 (1979)). Parties seeking grand jury materials under Rule 6 must "demonstrate with particularity the existence of a compelling need" for disclosure. *United States v. DeTar*, 832 F.2d 1110, 1113 (9th Cir. 1987). "Mere unsubstantiated, speculative assertions of improprieties in the proceedings do not supply the 'particular need' required to outweigh the policy of grand jury secrecy." *United States v. Ferreboeuf*, 632 F.2d 832, 835 (9th Cir. 1980) (internal quotation marks and citation omitted).

Courts should not order disclosure or in-camera review of grand jury materials in the furtherance of a "fishing expedition" by defendants. *Id.* The discharge of the grand jury decreases the need for continued secrecy, but the defendant must still show a particularized need for the transcripts. *United States v. Fischbach and Moore, Inc.*, 776 F.2d 839, 844 (9th Cir. 1985). Moreover, disclosure of grand jury transcripts should be limited to those portions of the transcripts for which a compelling need for disclosure outweighs the need for continued secrecy. *Id.* at 845.

In this case, Defendant's requested disclosure is overbroad and supported only by unsubstantiated, speculative assertions of improprieties. Indeed, Defendant himself appears to acknowledge that he is on a "fishing expedition." Def.'s Reply Mem. at 8, ECF Dkt. #79. Accordingly, I conclude that Defendant has not met his burden of showing a particularized need for the transcripts.

## CONCLUSION

Defendant's Request and Motion For Ethical, Constitutional, and Case Law, Rule and Statutory Disclosure and Inspection, ECF Dkt. #53; Defendant's Second Request and Motion For Discovery, Disclosure and Inspection, ECF Dkt. #69; and Defendant's Motion to Reconsider, ECF Dkt. #82, are DENIED. The Court will address Defendant's Motions in Limine at the pretrial conference currently scheduled for June 15, 2016.

It is so ORDERED and DATED this 8th of June, 2016.

_____
Michael J. McShane
United States District Judge