# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

## MEDFORD DIVISION

**UNITED STATES OF AMERICA,**

        Plaintiff,

No. 1:15-cr-00175-MC
No. 1:16-cr-00295-MC

v.

**OPINION AND ORDER**

**LEON RAMON IRELAND,**

        Defendant.

McSHANE, District Judge.

This matter comes before me on Defendant Leon Ramon Ireland's Motions to Dismiss in Case No. 1:15-cr-0175, ECF No. 109, and in Case No. 1:16-cr-00295-MC, ECF No. 9. The Motions are DENIED.

## BACKGROUND

In April 2010, Defendant Leon Ramon Ireland was indicted in the Jackson County Circuit Court for Possession of Cocaine in violation of ORS 475.884. Def. Mot. Ex. 1. On November 2, 2010, he entered a guilty plea to the charge and an order of conditional discharge was entered. Def. Mot. Ex. 2, 4. Under the terms of the conditional discharge order, the court deferred further proceedings "without entering a judgment of guilt," and placed Mr. Ireland on probation for 18 months. Def. Mot. Ex. 4, at 2. Upon successful completion of the probation period, the court would "discharge the defendant and dismiss the proceedings against the defendant without an adjudication of guilt." Def. Mot. Ex. 4, at 4. Mr. Ireland acknowledged

that if he violated the terms of the probation, a judgment would enter and he would be convicted of the underlying charge. Def. Mot. Ex. 4, at 4. Mr. Ireland successfully completed the terms of his conditional discharge and on April 25, 2013, the court entered a judgment of dismissal. Def. Mot. Ex. 5.

In Case No. 1:15-cr-00175, Mr. Ireland is charged with a single count of Conspiracy to Falsify Firearms Applications in violation of 18 U.S.C. §§ 371 and 922(a)(6) and nine counts of Making a False Statement on Firearms Applications in violation of 18 U.S.C. §§ 922(a)(6) and 2 ("the first indictment").

In the first indictment, the Government alleges that Mr. Ireland conspired with co-defendants Jon Andrew Meyer and Victoria India Kohout to make material false statements in connection with the purchase twenty-four firearms from licensed federal firearms dealers between April 2011 and April 2013. As alleged in the indictment, Mr. Meyer and Ms. Kohout would falsely represent that they were the actual buyers of the firearms, which were actually being purchased on behalf of Mr. Ireland.

On July 7, 2016, a Grand Jury issued an indictment in a second case against Mr. Ireland, No. 1:16-cr-00295, alleging three counts of Unlawfully Receiving a Firearm in violation of 18 U.S.C. §§ 922(n) and 924(a)(1)(D) ("the second indictment"). The second indictment alleges that Mr. Ireland received firearms on June 9, 2012, October 2, 2012, and November 3, 2012, despite being prohibited from doing so because he was under the state court indictment for Possession of Cocaine.

## DISCUSSION

Mr. Ireland moves to dismiss the charges contained in the second indictment on the grounds that they fail to state an offense for which he may be held criminally liable.

18 U.S.C. § 922 provides that:

It shall be unlawful for any person who is under indictment for a crime punishable by imprisonment for a term exceeding one year to ship or transport in interstate or foreign commerce any firearm or ammunition or receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

18 U.S.C. § 922(n).

Mr. Ireland argues that (1) Possession of Cocaine is not punishable by imprisonment for a term exceeding one year under Oregon law and (2) that he was not "under indictment" when he received the firearms identified in the second indictment.

**I.      "Punishable by imprisonment for a term exceeding one year"**

Mr. Ireland argues that under the Oregon Sentencing Guidelines he could not have been sentenced to more than thirty days of imprisonment for Possession of Cocaine and that his indictment is therefore outside of the scope of § 922(n).

The Ninth Circuit has addressed this issue in the context of 18 U.S.C. § 922(g).[1] "The term by which a crime is 'punishable' is determined by the statutory maximum punishment, not the actual term imposed or served." *United States v. Carr*, 513 F.3d 1164, 1166 (9th Cir. 2008); *see also United States v. Murillo*, 422 F.3d 1152, 1154 (9th Cir. 2005) ("[T]he maximum sentence is the statutory maximum sentence for the offense, not the maximum sentence available in the particular case under the sentencing guidelines."); *Unites States v. Fletes-Ramos*, 612 F. App'x 484, 485 (9th Cir. 2015) (re-affirming the holding of *Murillo*). Although I agree that Mr. Ireland could not be subjected legally to a sentence exceeding six months as a maximum departure under

---

[1] "It shall be unlawful for any person who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year . . . to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition, or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce."  18 U.S.C. § 922(g)(1).

Oregon's sentencing guideline scheme for Possession of Cocaine, I am bound by Ninth Circuit precedent.

Possession of Cocaine is a Class C felony under Oregon law. ORS 475.884. Class C felonies are subject to a maximum indeterminate sentence of five years. ORS 161.605(3). Possession of Cocaine is therefore punishable, if only for the purposes of § 922(n), by a term of imprisonment exceeding one year.

## II.   "Under indictment"

For the purposes of § 922(n), an "indictment" includes "an indictment or information in any court under which a crime punishable by imprisonment for a term exceeding one year may be prosecuted." 18 U.S.C. § 921(a)(14). Whether a defendant is "under indictment" for the purposes of § 922(n) is a question of federal law. *United States v. Valentine*, 401 F.3d 609, 615 (5th Cir. 2005). In making that determination, federal courts have examined the law of the state which issued the indictment. *Id.* at 616; *United States v. Hill*, 210 F.3d 881, 883 (8th Cir. 2000).

As discussed above, Mr. Ireland pled guilty to Possession of Cocaine and received an order of conditional discharge without an adjudication of guilt. He successfully completed the term of probation required for the conditional discharge and a judgment of dismissal was entered on April 25, 2013. Def. Mot. Ex. 5. Mr. Ireland argues that he ceased to be "under indictment" when he entered his guilty plea and received a conditional discharge order. As such, he was outside the scope of § 922(n) in 2012, when he is alleged to have committed the offense conduct.

The Tenth Circuit has recently addressed this issue in *United States v. Saiz*, 797 F.3d 853 (10th Cir. 2015), *cert denied* 136 S. Ct. 1451 (2016). In *Saiz*, the defendant

entered a guilty plea to burglary, larceny, and battery in a New Mexico state court. *Id.* at 854. At sentencing, the state court entered a conditional discharge order and placed Mr. Saiz on probation "without being adjudicated guilty of the crime." *Id.*

While on probation, Mr. Saiz committed federal offenses and the sentencing court found that he was a prohibited person within the meaning of U.S.S.G. § 2K2.1(a)(4). *Id.* at 855. A "prohibited person" encompasses anyone described in § 922(n). *Id.* At sentencing and on appeal, Mr. Saiz argued that he was not "under indictment" for the purposes of § 922(n) while on conditional discharge because the indictment had been extinguished by the entry of his guilty plea. *Id.*

The Tenth Circuit held that, under New Mexico law, the charges in an indictment "are not extinguished upon the guilty plea or verdict." *Id.* at 856. "Instead [the charges] remain in suspension until the defendant completes his term of probation." *Id.* The *Saiz* court found "no support for the proposition that a defendant is no longer subject to an indictment after he pleads guilty and before he is adjudged guilty." *Id.* at 857. "To the extent that a conditional discharge puts off a finding of guilt, it simply prolongs the life of the indictment." *Id.* The *Saiz* court further noted that if the indictment were extinguished at the time of the guilty plea, there would be no charges to dismiss when a defendant successfully completes his probation and no conviction to impose if a defendant should violate his probation and that such a holding would be "incongruous" with the entire statutory purpose of conditional discharge. *Id.*

Oregon's conditional discharge statute, ORS 475.245, is substantially similar to the New Mexico statute at issue in *Saiz*, N.M. Stat. Ann. § 31-20-13. Both statutes permit the court, under certain circumstances, to place a defendant on probation without

entering a judgment of guilt.  ORS 475.245(1); N.M. Stat. Ann. § 31-20-13(A).  If the defendant violates the terms of his probation, both statutes authorize the sentencing court to "enter an adjudication of guilt and proceed as otherwise provided." ORS 475.245(2) N.M. Stat. Ann. § 31-20-13(B).  Under the Oregon statute, if the conditions of probation are satisfied, "the court shall discharge the person and dismiss the proceedings against the person."  ORS 475.245(3).  "Discharge and dismissal under this section shall be without adjudication of guilt and is not a conviction for purposes of this section or for the purposes of disqualifications or disabilities imposed by law upon conviction of a crime." *Id.* Likewise under New Mexico law, "the successful completion of probation under the terms of a conditional discharge results in the eradication of the guilty plea or verdict and there is no conviction." *State v. Fairbanks*, 134 N.M. 783, 787, 82 P.3d 954, 958 (2003).

Given the statutory similarities between the laws of Oregon and New Mexico with respect to a conditional discharge, I find the reasoning of the *Saiz* decision persuasive.  A defendant who enters a plea under a conditional discharge order remains "under indictment" for the purposes of § 922(n) until a judgment is entered.

I also note that there are other reasons, more particular to the laws of Oregon, for concluding that an indictment is not extinguished by the entry of a guilty plea.  Under ORS 135.365, for instance, a defendant who has entered a plea of guilty or no contest may withdraw his plea and substitute a plea of not guilty "at any time before judgment." This suggests that an Oregon indictment persists until entry of judgment.  Nor is a conditional discharge considered a "final document" from which a defendant may appeal, but rather a deferred and unfinished proceeding.  *State v. Spencer*, 130 Or. App. 158, 163-64 (1994).

I conclude that Mr. Ireland was "under indictment" for the purposes of § 922(n) from May 14, 2010, the date of his arraignment on the state court charge, until the entry of the judgment of dismissal on April 25, 2013. As the dates alleged in the second indictment fall within that period, I DENY the Motions to Dismiss.

## CONCLUSION

Defendant Leon Ramon Ireland's Motions to Dismiss in Case No. 1:15-cr-00175, ECF No. 109, and in Case No. 1:16-cr-00295-MC, ECF No. 9, are DENIED.


It is so ORDERED and DATED this _28_ of July, 2016.


Michael J. McShane
United States District Judge